**In the United States District Court
for the District of Kansas**

———————

Case No. 2:21-cv-2221

———————

BING HUANG,

*Plaintiff*

v.

ZHONGCHENG PACKAGING USA, INC.,

*Defendant*

———————

**MEMORANDUM AND ORDER**

Plaintiff Bing Huang, proceeding pro se, filed this suit alleging fraud and retaliatory discharge against his former employer, Defendant Zhongcheng Packaging USA, Inc., related to a workers' compensation claim. Doc. 1. Zhongcheng moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim. Doc. 7. For the following reasons, Zhongcheng's motion to dismiss for failure to state a claim is granted in part and denied in part.

**I**

**A**

**1.** Federal courts have limited jurisdiction. *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). For jurisdiction based on diversity of citizenship, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). If the amount in controversy is challenged, the plaintiff bears the burden to demonstrate "that it is not legally certain that the claim is less than the jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003).

"If [plaintiff's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof." *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Courts can consider documents, affidavits, and

1

other items received into the record as exhibits, as well as any facts to which the parties stipulate. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953–54 (10th Cir. 2008). Even if the defendant does not challenge the amount in controversy, a court may, of its own accord, "demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt*, 298 U.S. at 189.

**2.** To survive a motion to dismiss for failure to state a claim, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief" from each named defendant. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Tenth Circuit has summarized two "working principles" that underlie this standard. *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). First, the Court ignores legal conclusions, labels, and any formulaic recitation of the elements. *Kan. Penn Gaming*, 656 F.3d at 1214. Second, the Court accepts as true all remaining allegations and logical inferences and asks whether the claimant has alleged facts that make his or her claim plausible. *Id.*

A claim need not be probable to be considered plausible. *Iqbal*, 556 U.S. at 678. But the facts viewed in the light most favorable to the claimant must move the claim from merely conceivable to actually plausible. *Id.* at 678–80. The "mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Plausibility is context specific. The requisite showing depends on the claims alleged, and the inquiry usually starts with determining what the plaintiff must prove at trial. *See Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S. Ct. 1009, 1014 (2020). The nature and complexity of the claim(s) define what plaintiffs must plead. *Cf. Robbins v. Oklahoma*, 519 F.3d 1242, 1248–49 (10th Cir. 2008) (comparing the factual allegations required to show a plausible personal injury claim versus a plausible constitutional violation).

**3.** As noted, Huang is proceeding pro se, which requires a generous construction of his pleadings. *See Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009). That generosity means a court should overlook the failure to properly cite legal authority, confusion of various legal theories, poor syntax and sentence construction, or apparent unfamiliarity with pleading requirements. *Id.* But, importantly, it does not

2

permit the Court to construct legal theories on Huang's behalf or to assume facts not pled. *See id.*; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## B

Huang's pro se complaint is difficult to interpret but generally alleges that he was injured at work, that his employer misrepresented the circumstances to medical personnel, and that he was then fired immediately after returning to work. Doc. 1 at 3. The following represents the fairest construction of Huang's pro se claims based on the pleadings Huang has filed.

According to Huang, after his workplace injury, his employer, Zhongcheng, sent an individual named Zach Jiang[1] to the hospital along with Huang, ostensibly to assist due to Huang's unfamiliarity with English. *Id.* Huang alleges that Jiang instead lied to the hospital by saying that Huang was injured at home in his garage—not at work. *Id.* As a result, Huang did not receive the worker's compensation he was due. *Id.* Furthermore, Huang alleges he was "duped by the company into returning to work" too soon after his injury and then terminated because of the injury. *Id.* Meanwhile, the company falsely reported to its workers' compensation carrier that Huang "declined to return to work and . . . never returned after [his] injury." *Id.*

Huang's pleadings are not entirely clear as to the theories of recovery he seeks. He appears to be asserting two claims, one for workers' compensation fraud under K.S.A. § 44-5,120 and the other for retaliatory discharge, a common-law tort.[2]

Huang seeks compensation for unpaid workers' compensation benefits, described as "living expenses during the recovery period," and for the mental stress he experienced. Doc. 1 at 3–4. The complaint

---

[1] Zhongcheng clarified that Jiang is the correct spelling and that Huang misidentified him in the complaint as "Zach Zhang." Doc. 8; Doc. 1 at 3.

[2] Huang's workers' compensation fraud claim is of a type that is rarely seen in federal court. Under 28 U.S.C. § 1445(c), a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Had Huang filed in state court and Zhongcheng removed, the workers' compensation fraud claim would have been precluded. But that bar does not apply because Huang filed it directly in federal court. *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 588 (5th Cir. 1994) (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 350–54 (1961)).

itemizes these damages. For living expenses, he seeks "about $462 per week until [he is] fully recovered." *Id.* at 4. For mental stress, he seeks $5,000. *Id.* Huang's complaint also requests punitive damages. *Id.*

Zhongcheng moved to dismiss, arguing that this Court lacks jurisdiction because Huang failed to exhaust his administrative remedies and, alternatively, that Huang failed to state a claim. Docs. 7 & 8. Zhongcheng argues that neither the complaint nor Huang's later briefing shows a request for relief in excess of $75,000. Doc. 12 at 2. Given that Huang's yearly compensation was about $34,320 (as estimated by Zhongcheng and not challenged by Huang), Zhongcheng argues that Huang's claim should be dismissed for failure to satisfy the amount-in-controversy requirement of diversity jurisdiction. Zhongcheng also moved to dismiss under Rule 12(b)(1) and 12(b)(6), arguing that Huang failed to exhaust administrative remedies as required by K.S.A. §§ 44-5,120 and 44-5,121. Doc. 12 at 2–3.

Shortly thereafter, Magistrate Judge James issued a Show Cause Order because Huang's complaint did not appear to allege more than $75,000 in damages, as required for diversity jurisdiction.[3] Doc. 10. In later filings, Huang further clarified his damages. In his response to the motion to dismiss, Huang explained that his claim is "for 70% of [his] normal wages from the date of losing income due to injury until the date when [his] finger is completely healed." Doc. 9. In Huang's response to the Show Cause Order, he wrote that he seeks "the compensation that [he] lost from the work comp insurance." Doc. 11 at 1. He clarified that it would take approximately one more year (from July 2021) for his injury to heal and that he now "seek[s] a year of compensation." *Id.*

## II

Zhongcheng's motion to dismiss is granted in part and denied in part. With regard to subject-matter jurisdiction, the motion is denied because the amount in controversy requirement is satisfied. For failure to state a claim, the motion is granted in part and denied in part.

---

[3] The Show Cause Order did not address the parties' citizenship, Doc. 10, but it appears that Huang's complaint attempts to allege that he is a citizen of Missouri and Zhongcheng is a citizen of Kansas. Doc. 1 at 1, 2.

4

**A**

The amount-in-controversy requirement is met. To establish federal diversity jurisdiction, Huang must show "that it is not legally certain that the claim is less than the jurisdictional amount." *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1216 (10th Cir. 2003). Construing Huang's pleadings generously, as his pro se status requires, Huang has shown it is not legally certain that his requested relief is below $75,000.

The actual damages that Huang pleads do not appear to exceed the jurisdictional threshold. In his complaint, Huang appears to seek 19 months of salary plus $5,000 in pain and suffering damages. Doc. 1 at 4; Doc. 9; Doc. 11 at 1. Assuming that Zhongcheng's employment records are accurate, Huang's annual compensation was approximately $34,320. Doc. 12 at 2. That would mean Huang is seeking just less than $60,000 in actual damages.[4]

But Huang also claims punitive damages. Whether to consider a request for punitive damages in the amount-in-controversy analysis depends on the nature of the claims. It is appropriate where punitive damages are available under state law and the plaintiff proffers enough facts to show that their recovery is legally plausible. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1248 (10th Cir. 2012) (CAFA context); *see also Bell v. Preferred Life Assurance Soc. of Montgomery*, 320 U.S. 238, 240–41 (1943).

Based on Huang's allegations, it is appropriate to consider his request for punitive damages to calculate the amount in controversy. His retaliatory discharge claim is an intentional tort that, under Kansas law, permits recovery of punitive damages. *See Ortega v. IBP, Inc.*, 874 P.2d 1188, 1191 (Kan. 1994) (disapproved on other grounds by *In re B.D.-Y.*, 187 P.3d 594 (Kan. 2008)). And fairly construed, the complaint alleges facts that make it legally plausible that Huang might recover punitive damages sufficient to make his total request exceed $75,000. *See Frederick*, 683 F.3d at 1247–48. It cannot be said that there is legal certainty that Huang "would under no circumstances be entitled to

---

[4] To the extent Huang is pursuing a claim under K.S.A. § 44-5,121, the Court may not consider his alleged "mental suffering" damages. *See* K.S.A. § 44-5,121(a) (disallowing recovery of "nonpecuniary loss"). But it is not clear that Huang's claims are limited to that section of the workers' compensation act; nor would excluding this amount make it "legally certain" that Huang could not recover at least $75,000. *See infra* Part II.A (discussing punitive damages).

5

recover the jurisdictional amount." *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211–12 (7th Cir. 1995). Therefore, the amount-in-controversy requirement is satisfied.

## B

Zhongcheng also moved to dismiss the claims arising under the Kansas Workmen's Compensation Act (KWCA), either for lack of jurisdiction or failure to state a claim, because Huang has not exhausted his administrative remedies. Doc. 12 at 2. Zhongcheng reasons that because Huang checked "no" on the pro se complaint form when asked whether he had presented his claims "through any type of Administrative Procedure within any government agency," Doc. 1 at 4, Huang failed to exhaust administrative remedies necessary for jurisdiction over his claims. Doc. 8 at 3–4.

Regarding classification, it is not clear that this is a jurisdictional issue or that Rule 12(b)(1) is the proper vehicle for Zhongcheng's motion.[5] Nonetheless, as far as Huang's fraud claim is concerned, his failure to exhaust administrative remedies requires dismissal. His complaint and responses do not establish that he has exhausted his administrative remedies as required. *See* K.S.A. §§ 44-5,121(a), 44-5,125(f) & 44-5,120(e). At minimum, this failure prevents Huang from stating a claim upon which relief can be granted. Before a plaintiff can file suit, K.S.A. § 44-5,121(a) and § 44-5,125(f) require dismissal or other final action by the director of workers' compensation or the commissioner of insurance. *See* K.S.A. § 44-5,120(e). This exhaustion of administrative remedies is a prerequisite for "subsequent filing[s] of the matter in court by the complainant." *Id.*

The same concept is reiterated in K.S.A. § 44-5,121(a), which states that relief "is to be predicated upon exhaustion of administrative remedies." These statutes govern relief for "*anyone* who has suffered economic loss as a result of some fraudulent or abusive act or practice in the workers compensation context"—which comfortably encompasses Huang's fraud claim. *Elliott v. Dillon Cos.*, 908 P.2d 1345, 1347

---

[5] The viability of a cause of action, which relates to the merits, and jurisdiction are distinct concepts. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction."). At any rate, the distinction between Zhongcheng's Rule 12(b)(1) and 12(b)(6) requests is immaterial in this case. *See Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).

(Kan. Ct. App. 1996) (interpreting scope of K.S.A. § 44-5,121(a)).[6] In fact, K.S.A. § 44-5,120(d) "defines . . . in a nonexclusive list" the types of fraudulent and abusive acts to which K.S.A. §§ 44-5,120 and 44-5,121 apply. *Doe v. Kan. Dep't of Hum. Res.*, 90 P.3d 940, 946 (Kan. 2004). Included in that list is the attempt to "deny payments of workers compensation benefits" by, among other things, "[m]aking a false or misleading statement," "misrepresenting or concealing a material fact," or conspiring to do the same. K.S.A. § 44-5,120(d)(4); *see Elliott*, 908 P.2d at 1348–49 (finding Section 44-5,120(d) applies to allegations of fraud by workers' compensation claimants against their employers); *see also* K.S.A. § 44-5,125(a) & (f) (imposing same exhaustion requirement for knowing and intentional workers' compensation fraud). Given that Huang's allegations of fraud fall within the scope of the KWCA, he must exhaust his administrative remedies before filing a civil suit for fraud. *See Hormann v. N.H. Ins. Co.*, 689 P.2d 837, 840 (Kan. 1984) (holding that workers' compensation act provides the exclusive remedy "for injuries which are encompassed within its scope").

From his pleadings, it appears that Huang has recently requested a hearing before the Kansas Department of Labor. Doc. 11 at 1. But that agency must take final action on Huang's matter before he may pursue a civil suit for fraud. *See* K.S.A. 44-5,120(e). Huang has not shown final agency action, and until he can, his fraud claim may not proceed.

## C

Zhongcheng also argues that dismissal is required because the KWCA provides the exclusive remedy for all of the damages that Huang alleges. Doc. 8 at 5. But fairly construed, Huang's complaint appears to assert that, in addition to infringing on his KWCA rights, Zhongcheng also terminated him in retaliation for seeking KWCA benefits. Under Kansas law, that claim is an independently actionable, common-law tort and is not subject to either the KWCA's exhaustion requirement or its exclusive remedy bar. *See Hill v. State*, 448 P.3d 457, 466–68 (Kan. 2019); *see also Pfeifer v. Fed. Exp. Corp.*, 304 P.3d 1226,

---

[6] Since the *Elliott* decision, K.S.A. § 44-5,121 has been amended to require the exhaustion of administrative remedies. *Compare Elliott*, 908 P.2d at 1347 & 1349, *with* K.S.A. 44-5,121(a) (effective 1997). The remainder of the statutory language quoted in *Elliott* remains unchanged.

1232 (Kan. 2013); *Sage Hill v. State*, 388 P.3d 122, 140–41 (Kan. Ct. App. 2016).[7]

Zhongcheng does not appear to argue that Huang has failed to allege sufficient facts to plausibly state a claim of retaliatory discharge. Even if it had, there appear to be sufficient fact allegations to make such a claim plausible: Huang appears to have alleged that (i) he suffered a workplace injury capable of giving rise to a workers' compensation claim; (ii) his employer, Zhongcheng, had knowledge of this injury; (iii) Zhongcheng promptly terminated Huang's employment; and (iv) a causal connection existed between Huang's injury and his termination. Doc. 1. That is sufficient. *White v. Tomasic*, 69 P.3d 208, 209 (Kan. 2003).

### III

For the foregoing reasons, Huang has sufficiently responded to the Notice and Order to Plaintiff to Show Cause, Doc. 10, by showing good cause why this action should not be dismissed for lack of subject-matter jurisdiction. Further, Zhongcheng's Motion to Dismiss, Doc. 7, is granted in part and denied in part.

It is so ordered.

Date: December 9, 2021          s/ Toby Crouse
                                Toby Crouse
                                United States District Judge

---

[7] As an additional matter, having determined that Huang's complaint satisfied the amount-in-controversy requirement, *see infra* Part II.A, that finding of jurisdiction may not be reconsidered simply because Zhongcheng's motion to dismiss is granted in part. *See Symes v. Harris*, 472 F.3d 754, 759 (10th Cir. 2006).